USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORENZO RODRIGUEZ,

                 Petitioner,

- against -

SUPERINTENDENT OF CLINTON
CORRECTIONAL FACILITY,

                 Respondent.

---

18cv6202 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

The pro se petitioner, Lorenzo Rodriguez, requests that this habeas case be stayed so that he can file another postconviction motion and pursue documents through Freedom of Information Law requests. (Dkt. No. 25.) The respondent argues that a stay should not be granted because the claims in the petition have all been exhausted or deemed exhausted. (Dkt. No. 26.) In the attached letter dated April 22, 2019, the petitioner replies that he has unexhausted claims that he did not include in his state appeal or habeas petition. For the reasons discussed below, the petitioner's request for a stay is **denied**.

"[C]ourts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005). "However, given certain conditions, the district court may stay such a petition during the pendency of state proceedings on the

1

unexhausted claims." Class v. Lee, No. 13cv4340, 2015 WL 1439712, at *2 (E.D.N.Y. Mar. 27, 2015). "A district court considering such a stay must first determine that the petition is actually mixed." Id. If the petition is, in fact, mixed, the petitioner seeking a stay must demonstrate that: (1) good cause exists for failing to exhaust the claims previously; (2) the claims are not plainly meritless; and (3) the petitioner did not intentionally engage in dilatory tactics. See Chambers v. Conway, No. 09cv2175, 2010 WL 1257305, at *1 (S.D.N.Y. Mar.29, 2010).

The petitioner's motion for a stay is denied. The petition is not mixed, and, in any event, the petitioner has not shown good cause for a stay.

First, the petition is not mixed. All of the claims in the petition were either exhausted in state court, or their exhaustion is now barred and the claims are procedurally defaulted. Therefore, those claims are properly before this Court. The respondent has not argued that any claim should be dismissed because the petitioner should exhaust it in state court, and the respondent has not argued that the petition is a "mixed petition." See Class, 2015 WL 1439712, at *3 (denying habeas petitioner's request for a stay because all of the claims in the petition had been exhausted in state court).

Second, to the extent that the petitioner is asserting new claims, the petitioner has failed to show good cause for why he did not raise those claims in his state court appeal. The petitioner states that he forgot to assert claims for violation of a variety of his constitutional rights. That is not a sufficient reason for failing to raise those issues properly on direct appeal. Moreover, the claims that the petitioner is now attempting to assert appear to be based on the record from his trial. Accordingly, those claims may now be barred by New York law. N.Y. Crim. P. Law § 440.10(2)(c) ("[T]he court must deny a motion to vacate a judgment when[,] . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him . . . ."). In any event, the stay procedure should not be used to frustrate the one-year statute of limitations in 28 U.S.C. § 2244(d) or to encourage piecemeal exhaustion and successive petitions for federal habeas corpus. See Rhines, 544 U.S. at 277. The petition has failed to show good cause for a stay in this case.

3

Therefore, the petitioner's request to stay this case is **denied**. The petitioner should submit his reply to the response to his petition by **June 30, 2019**. The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit.

**SO ORDERED.**

**Dated:** **New York, New York**
**May 3, 2019**

_____
John G. Koeltl
**United States District Judge**

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
C/O CHAMBERS OF JUDGE JOHN G. KOELTL  
500 Pearl Street  
New York, New York 10007-1312

Lorenzo Rodriguez # 15A0071  
EASTERN NEW YORK C.F.  
P.O. Box 338  
Napanoch, New York 12458



18-cv-6202 (JGK)

April 22, 2019

Dear Sir,

Upon receiving the Assistant Attorney General reply suggesting before this court to not allow the petitioner to have an abeyance to address claims in a post conviction motion because according to the State the "petition is not mix", the Assitant Attorney General assumption that is not mix is a misunderstanding.

I wish to draw your attention to page four of my petition which I stated that "petitioner is being held in violation of our constitution of,", followed after a comma before proceeding addressing an example of violations. May have confused the AAG, into speculating that the "petition's claims either have been fully presented to or can no longer be raised in State Court". I realized that I forgot to add after [of] the amendments that are violated which is as followed the 4th, 5th, 6th, 8th, 14th.

What follow is that my intention was to explain and expand on the grounds that is raised but did not have enough space to continue on and was not sure whether you will accept a seperate sheet addressing more grounds to be raised is quite honestly are unexhausted and some are not record based.

Had I address my issues the Assistant Attorney General would have then announced that the petitioner should give the State an opportunity to correct the serious constitutional violations of mixed claims.

Permit me to share and cite a few examples: The petitioner does have a 6th Amendment violation of pre-indictment speedy trial claim to which the petitioner was never officially charged and indicted for burglary for entering unlawful a seperate unit apartment which in fact never occurred at all to which the petitioner is illegally convicted for. See Dillingham v. U.S., 423 U.S. 64.

The petitioner was prejudice and surprised by the outcome because the prosecutor for the State have exculpatory evidence of visual surveillance belonging to and a part of the apartment building itself and the petitioner's cell phone that would have refuted the erroneous accusation. However the trial attorney for unexplained reason failed to compelled the prosecutor to turn over the exculpatory evidence, a Brady violation.

However the petitioner was actually charged and indicted for entering an apartment building itself which the State erroneously charged me for burglary. And the State prosecutor was consistent on that charge from beginning to end to which the prosecutor <u>never</u> proved and established at the grand jury and trial. See **In Re Winship** 397 U.S. 358, 364, Yates v. Evatt 500 U.S. 391, 409.

I also have a 6th Amendment ineffective assistance and no assistance of counsel claim on the three assigned counsels performance that is substantial and have merit must be raised first in a post conviction motion. See Martinez v. Ryan 132 S.CT 1309, 1318, Massaro v. U.S. 538 U.S. 500.

I also have a violation of the 5th and 14th due process of perjury that the State prosecutor was acutely aware and allowed to go uncorrected at the grand jury and trial. Napue v. Illinois 360 U.S. 264, 269, Giglio v. U.S. 405 U.S. 150, 153.

In addition substantive due process violation, fatal jurisdictional defects and violation of modes of proceeeding that need to be addressed and rectified.

With all due respect sir as you could see that I do have mix claims and should grant an abeyance.

Respectfully
Lorenzo Rodriguez