**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**LORENZO RODRIGUEZ,**

**Petitioner,**

**- against -**

**SUPERINTENDENT OF CLINTON CORRECTIONAL FACILITY,**

**Respondent.**

---

**18-cv-6202 (JGK)**

**ORDER**

**JOHN G. KOELTL, District Judge:**

The Court has received the petitioner's further reply to the respondent's sur-reply, which is attached to this Order. The briefing on the petitioner's petition is complete and the Court takes the petition under consideration. Chambers will mail a copy of this Order to the pro se petitioner at the address listed on the docket.

**SO ORDERED.**

**Dated: New York, New York**
**June 2, 2020**

/s/ John G. Koeltl
**John G. Koeltl**
**United States District Judge**

United States District Court
Southern District of New York
c/o Chambers of Judge John G. Koeltl
500 Pearl Street
New York, New York 10007-1312

Lorenzo Rodriguez # 15A0071
EASTERN NEW YORK C.F.
P.O. Box 338
Napanoch, New York 12458

**18-CV-6202 (JGK)**

May 6, 2020

Dear Sir,

After receiving the communication from the respondent dated April 22, 2020 and arrived at this facility on April 28, 2020. I began to make the necessary reply to address the situation on May 1, 2020, however Eastern New York Correctional Facility went on a temporarily locked down on May 2nd and lasted until May 5th 2020.

I have detected serious flaws that should be revealed before you by the respondent, and it is most correct that I should be given an opportunity to reply in this request. Today I have finished my reply and enclosed with this letter with facsimile attached. My response is clear cut and will expose the mischaracterization of the facts by the respondent, bringing to light before this court, once again what was tacitly conceded to.

And I thank you again for presiding over my petition in your court and that equity be abound.

Respectfully

(s) Lorenzo Roderiguez

United States District Court
Southern District Of New York
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, New York 10007

Lorenz Rodriguez # 15A0071
EASTERN NEWYORK C.F.
P.O. Box 338
Napanoch, New York 10007

18-CV-6202 (JGK)

May 1, 2020

Dear Sir,

The Petitioner having received the respondent's reply dated April 22, 2020, and post marked from Hartford, Connecticut, of which it was received in this facility dated April 28, 2020. See attached facsimile.

With all due respect, the Petitioner's habeas corpus should be granted in its entirety. The respondent tacitly conceded after the Petitioner filed a response under the guidance of this court, to the respondent's opposition drawing to this court attention what the respondent failed to inform and intentionally withheld critical factors after having an opportunity to make a full review of the State records, that would have this court to consider petitioner's claims in the respondent's first reply had it been originally addressed.

The respondent, continue to present the same false allegation in her reply that the petitioner was some how involved in an alleged burglary of an apartment that did not exist against the petitioner. And to which the petitioner was never indicted for in violation of the petitioner's Sixth Amendment, which was not refuted as untrue and tacitly conceded by the respondent.

The respondent continued to offer the same unfounded claim and having offered no proof to support it, nor refute petitioner claims and answer as untrue, of which the petitioner offered unquestionable and documented proof to support his claims.

The petitioner is not surprise by this and neither should this court since the State could not prove their erroneous allegation when their own State witness under oath testified it was the police that have committed the offense. The petitioner also draws this court attention that the petitioner was not present at his second trial when the State prosecution witness made that revealing statement. After the trial judge unlawfully expelled him from attending his own trial which was addressed, see Petitioner Response, page 5, para. 8-10, was also conceded by the respondent. Most importantly, the State witness was never impeached for bringing into light, what the police have committed in her apartment **not** the petitioner. The respondent is at a loss here.

The next erroneous claim of the respondent that "a police officer was patrolling the roof", Respondent reply, page 1. Is without foundation and lend no support.

To begin, the respondent again tacitly conceded when the petitioner raised eight critical questions that the State failed to answer and refused to answer knowing well it would bring to light this court attention of petitioner's factual and actual innocence, see Petitioner Response at page 7, para. 18, 19.

Next, the unfounded claim by the respondent that "Antonina Lopez encountered petitioner, a man that she did not know", Respondent reply at page 1. Is just that, unfounded assertion and down right untrue.

The petitioner is confident of his innocence and regard the Federal Court, the bastion of constitutional safeguard and protection. The petitioner bring to this court attention that if the respondent is confident on attempting to make empty claims in her reply before this court against the facts and documented proof against the petitioner's case. Then the respondent should be willing to support her false allegations and bare assertions of the petitioner under no less than affirming under the penalty of perjury and acceptance of forfeiting her office as an Assistant Attorney General, by producing before this court the State withheld evidence of surveillance recording and photographs and have it televised live for the general public by way of public television and social media. If the respondent is confident on speaking truthfully and honestly before this court to support her false allegation against the petitioner, that "a man" (the respondent alleged) "that she did not know".

The surveillance recordings would show that the petitioner was with Mrs. Lopez, whom he personally know outside on the front of the building having an amicable conversation and inside of the building, as the petitioner is being led to the Lopez's apartment by Mrs. Lopez, herself. The same recording would also show where the petitioner was originally accosted by the police officers in the hallway of the building after he has exited the apartment and on his way out of the building. And **not** on an alleged "roof" being chased down supposedly by ex police officer Corchado (who was now a fireman at the time of petitioner's trial) and P.O. Lassen that petitioner contends and avowed did not occurred.

Unless the respondent is ready to declare that the police officers are magicians and have out smarted electronic surveillances and deterrence, the respondent's claims are without merit and fruitless. The petitioner's cell phone would have also show that Mrs. Lopez had called the petitioner is the reason why the surveillance would show why he was over at the Lopez's resident.

The respondent have not done this, the petitioner have done so and pointed out on the State records. See Petitioner Response page 10, para. 27. It was also one of the reasons why the State prosecutor refused to turn over the photographs of the building to the Appellate counsel, because the Appellate counsel would have seen the surveillance cameras and raised the Brady/Bagley violation. **See** SR: 21 of 149, and SR: 255, (Exhibit Sheet), both facsimile attached.

The photographs in fact, was not lost by the State prosecutor but was withheld from Appellate counsel, because of the additional Brady evidence that would have disclosed the intentional violation of the State against the petitioner of the surveillance and deterrence belonging to the building, that was not disclosed prior to the petitioner first trial.

In any event, the Brady violations of the photographs and/or surveillance were appropriately addressed of the State prosecutor failure to disclose prior to trial, greatly prejudice the petitioner. Most importantly, the State prosecutor never allowed the trial jurors to ever get a glimpse of those photographs knowing well the additional evidence it contained. Nor was it ever disclosed of the surveillance recordings to the petitioner to dispel the State unfounded and erroneous allegation that the respondent have whole heartedly and tacitly conceded to.

The Brady violations are no new claim not even by appearance. Is the reason why the petitioner's rights are being violated as the petitioner properly addressed that the undisclosed and suppressed Brady materials is relevant, in response to the respondent failure to bring to this court attention of this important matter. As the petitioner pointed to this court that "the State was given an opportunity to correct their errors it was properly preserved for them to do so, instead the State chose to acquiesce and therefore tacitly conceded". Petitioner Response page 16, para. 46.

Moreover, the respondent is estopped from presenting these same false claims before this court when the State conceded to on the record (as previously proven and directed by the petitioner based on the State records). When Mrs. Lopez firmly accused the police officers of committing a criminal act of burglarizing the Lopez's apartment, the respondent have unequivocally tacitly conceded to this and is not refuted.

Furthermore, the respondent is therefore barred from re-litigating those false claims that the State conceded to, as if it is the first time the matter are being litigated, this court should preclude the respondent from doing so. The unchallenged and documented proof and evidence establishes the petitioner's innocence for all to lo' and behold.

The Supreme Court has held in Chapman v. California 386 U.S. 18, 24, a conviction tainted by constitutional error must be set aside unless the error complained of "was harmless beyond a reasonable doubt". It is without question the constitutional errors that have occurred and existed, which are not refuted and tacitly conceded to, of the petitioner is not harmless but are harmful.

In addition, in regard to the Brady claim, the Supreme Court have distinguished three situation in which a claim of Brady violation may arise in Kyles v. Whitley 514 U.S. 419, 433.

**(1)** First, where previously undisclosed evidence revealed that the prosecution introduced trial testimony that it knew or should have known was perjured.

**(2)** Second, where the Government failed to accede to a defense request for disclosure of some specific kind of exculpatory evidence.

**(3)** Third, where the Government failed to volunteer exculpatory evidence never requested, or requested only in a general way.

Clearly under the Brady standard did not leave the State free from all obligations.

The petitioner have previously requested from the State to turn over the Brady materials (surveillance recording etc.) and as a result for that request the State chosen to punish the petitioner for making that request and to violate the petitioner constitutional rights instead.
The Appellate counsel requested for the Brady materials (photographs) which was never disclosed to the petitioner prior to trial and the State totally ignore that as well. Again the Brady violations are not novel.

The petitioner relied on the federal court as the last resort to address the Brady violations and all other constitutional violations that have occurred against the petitioner and is most appropriate and correct to do so.

The respondent is on the wrong side of the fence accusing the petitioner when the respondent should have been with the petitioner pointing and wagging the finger at the State for violating the petitioner protected constitutional rights, withholding evidence and wrongly convicted an innocent person.

In United States v. Coppa 267 F.3d 132 at 135, the Second Circuit properly noted that "the prosecution has a constitutional duty to disclose evidence favorable to accused when such evidence is material to guilt or punishment". "With respect to when the prosecution **must** make a disclosure required by Brady, the law also appears to be settled. Brady material **must** be disclosed in time for it effective use at trial". Indeed in Imbler v. Pachtman 424 U.S. 409, 427 n. 25, the Supreme Court noting that the duty to make Brady disclosure at trial "is **enforced** by the requirement of due process".

The respondent stated as found on page 3, replied: "petitioner provides no basis for this court t conclude that the police framed him to cover up for the fact that they had stolen the Lopez family's piggy bank and Ipad. Likewise, petitioner set forth no basis for this court to conclude that the prosecution possessed, much less withheld, exculpatory video from either a building surveillance system or data from petitioner's own phone".

The petitioner relied on the Federal Court as the last resort to address the Brady violations of well established federal law that the State is obligated to turnover. And all other constitutional violations that have occurred as a result of that request against the petitioner, and is most appropriate and correct to address them what the respondent have intentional withheld from this court in her initial response.

Since the respondent have truly acquiesce as to the State not following well established federal laws, the respondent should not be allowed to take another bite of the apple in the attempt to rescue the State for the wrong doing it has caused and effected. The fact still remain, firmly grounded, not refuted and tacitly conceded, based on the State record before this court. That the police officers involved burglarized the Lopez's apartment of their electronic merchandise to wit: Ipad with charger, without their permission or consent. And the State prosecutor conceded on the matter without rebuttal and/or impeachment.

As the petitioner quoted in his reply on page 10, para. 28, in reference to Kyles v. Whitley 514 U.S. 419, 435, "Once a reviewing court applying Bagley test in determine whether suppressed favorable material evidence violates due process, has found constitutional error, there is no need for further harmless error review".

The State was acutely aware that the introduction of the Brady evidence which the State do possess of both the surveillance recordings and photographs (**see** SR: 307, facsimile attached) and illegally withheld would have "undermined confidence in the outcome of the trial", United States v. Bagley 473 U.S. 667, 678. What the respondent has offered as quoted above on page 3, is refuted by documented State records in possession of this court.

And since the respondent and State have not proven their fabricated charge and case beyond a reasonable doubt, it **must** fall. See In Re Winship 397 U.S. 358, 364.

Respectfully

(s) Lorenzo Rodriguez

State of New York
Office of the Attorney General
28 Liberty Street
New York, NY 10005

HARTFORD CT 061
23 APR 2020 PM 3 L

FOREVER USA

Lorenzo Rodriguez
15-A-0071
Eastern C.F.
P.O. Box 338
Napanoch, NY
12458

6-19

APR 28 2020
ENYCF
CORRESPONDENCE

12458-033838

burglary of "the building located at 552 West 160th Street"). Thus, as indicted and charged to the jury, the prosecution had to establish: (1) an unlawful entry into the apartment building itself; and (2) an intent to commit a crime at the moment of that entry. The question of whether Mr. Rodriguez committed burglary of Apartment 18 (or Ms. Lopez' bedroom) was legally irrelevant.

The Lost Exhibits. The prosecution introduced two photographs of the "building entrance" (People's 1 and 2). People's 2 was apparently a "close up" photograph of the building entrance. The prosecutor recognized that "[i]t is hard to see with the glare, but there appears to be, to the left and right of the photos on People's 2, signs posted." These "signs," the building's manager Michael Guevara testified, were "the trespass affidavit." "In substance" those signs "allow[ ] tenants to be with their guests, and anyone who is not a guest will be cited as trespassing." There is no other testimony regarding the signs. Guevara 34-36.

The prosecution has informed appellate counsel that all of the trial exhibits have been lost. Appellate counsel has also reviewed defense counsel's file and People's Exhibits 1 and 2 are not in the file. Also, they were not disclosed prior to trial.

**The Apartment Building.** The 552 West 160th Street building had twenty apartments. Two families lived in Apartment 18, which was a two-

S.C. CRIM. No. 16
2/74

PAGE 1 of 2

# Supreme Court of the State of New York

Part 42 County NY

## EXHIBIT SHEET

THE PEOPLE OF THE STATE OF NEW YORK

*against*

Lorenzo Rodriguez

*Before Judge* M. WILEY

*District Attorney* M. Dellabetta

*Defendant's Attorney* Legal Advisor: R. Weinstein

*On Trial for* Burglary 2

*Indictment Filed* 9/5/13 *No* 3998-2013

*Trial Began* 10/20/14

*Trial Concluded* 10/24/14

| FOR IDENT No | DATE FOR IDENT | PEOPLE'S EXHIBITS Description | DATE IN EVIDENCE | IN EVIDENCE No. |
|---|---|---|---|---|
| 1 | 10/23/14 | Photo | 10/23/14 | 1 |
| 2 | 10/23/14 | Photo | 10/23/14 | 2 |
| 3 | 10/23/14 | Photo | 10/23/14 | 3 |
| 4 | 10/23/14 | Photo | 10/23/14 | 4 |
| 5 | 10/23/14 | Photo | 10/23/14 | 5 |
| 6 | 10/23/14 | Photo | 10/23/14 | 6 |
| 7 | 10/23/14 | Photo | 10/23/14 | 7 |
| 8 | 10/23/14 | charger (stc)-10/23/14 | 10/23/14 | 8 |
| 9 | 10/23/14 | Photo | 10/23/14 | 9 |
| 10 | 10/23/14 | latex gloves and flashlight | 10/23/14 | 10 |
| 11 | 10/23/14 | gloves | 10/23/14 | 11 |
| 12-16 | 10/23/14 | Photos | 10/23/14 | 12-16 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

3. SCIENTIFIC AND MEDICAL REPORTS

☐ If checked, the People hereby disclose written reports or documents or portions thereof, concerning a physical or mental examination or scientific test or experiment, relating to this criminal action, which were made by, or at the request or direction of a public servant engaged in law enforcement, or by a person whom the People intend to call as a witness of a trial, or which the People intend to introduce at trial. CPL §240.20(1)(c).

4. PHOTOGRAPHS AND DRAWINGS

☒ If checked, there exist photographs or drawings relating to this criminal action which were made or completed by a public servant engaged in law enforcement, or which were made by a person whom the People intend to call as a witness at trial, or which the People intend to introduce at trial. CPL §240.20(1)(d). *(Counsel should contact the assigned assistant district attorney to arrange a mutually convenient time to examine this material.)*

5. INSPECTION OF PROPERTY

☒ If checked, there exist photographs, photocopies or other reproductions made by or at the direction of a police officer, peace officer or prosecutor of property prior to its release pursuant to the provisions of Penal Law Section 450.10, irrespective of whether the People intend to introduce at trial the property or the photograph, photocopy or other reproduction. CPL §240.20(1)(e). *(Counsel should contact the assigned assistant district attorney to arrange a mutually convenient time to examine this property.)*

6. OTHER PROPERTY

☒ If checked, there exist other property obtained from the defendant, or a co-defendant to be tried jointly, CPL §240.20(1)(f), or from another source. *(Counsel should contact the assigned assistant district attorney to arrange a mutually convenient time to examine this property.)*

a. iPad
b. 3 Pairs of latex gloves
c. 2 Flashlights
d. Alprazolam – 26 pills and 12 partial pills
e. Cellular phone

7. TAPES AND ELECTRONIC RECORDINGS

☒ If checked, there exist tapes or other electronic recordings which the People intend to introduce at trial, irrespective of whether any such recording was made during the course of the criminal transaction. CPL §240.20(1)(g). *(Counsel should contact the assigned assistant district attorney to arrange a mutually convenient time to listen to the tapes or provide a blank tape for copying.)*


EASTERN NY CORRECTIONAL FACILITY
BOX 338
NAPANOCH, NEW YORK 12458-0338
NAME: Lorenzo Rodriguez
DIN: 15A0071
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL
7018 2290 0000 1184 6553
To: UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
c/o Chambers of Judge John G. Koeltl
500 Pearl Street
New York, New York 10007-1312
NEOPOST
05/11/2020
US POSTAGE
$007.05
ZIP 12458
041M11463363
LEGAL MAIL
U.S. POSTAGE PAID
FCM LETTER
NAPANOCH, NY
12458
MAY 11, 20
AMOUNT
$0.00
R2305K138483-04
10007
1000